# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Long Ly, | Civil File No.: 10-cv-2946 MJD/SER |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Scott Peter Fisher, | |
| Respondent. | |

Long Ly, *pro se*, 08384030, FCI/Sandstone, Minnesota, P.O. Box 1000, Sandstone, Minnesota, 55072.

D. Gerald Wilhelm and Gregory G. Brooker, Esqs., United States Attorney's Office, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, for Respondent.

STEVEN E. RAU, United States Magistrate Judge

This matter is before the undersigned United States Magistrate Judge on Long Ly's Petition for a Writ of Habeas Corpus [Doc. No. 1]. The case has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court recommends that Ly's Petition be denied.

## I.     FACTUAL BACKGROUND

Petitioner Long Ly ("Ly") served an 84-month sentence and is currently serving 5 years of supervised release. *See* Declaration of Ann C. Kinyon, at ¶ 2 ("Kinyon Decl.") [Doc. No. 5]. Ly was incarcerated at the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone") pursuant to a sentence imposed by the United States Court for the Southern District of Iowa. *Id*. In February 2005, Ly was convicted of conspiracy to distribute MDMA, cocaine, and

1

marijuana, and possession of a firearm during a drug trafficking offense. *Id.* Ly's projected release date was April 30, 2011, via good conduct time release. *Id.*

Ly was reviewed for halfway house placement on September 16, 2009, pursuant to the Second Chance Act of 2007, 18 U.S.C. § 3624 (c) ("SCA"). (Kinyon Decl. Attach. 2, at 7) [Doc. No. 5-1]. In September 2009, FCI-Sandstone Staff made a recommendation to the Community Corrections Manager's Office that Ly be given 180 days (6 months) of Residential Reentry Center ("RRC") placement. *Id*. The report explained that Ly was sentenced to approximately 100 months fewer than the time recommended by the sentencing guidelines range and that the 6-month RRC placement was a "sufficient duration to provide the greatest likelihood of successful reintegration into the community." *Id*. Ly appealed this decision on December 21, 2009. (Pet.'s Ex. at 13) [Doc. No. 1-1]. Ly's appeal was denied on February 19, 2010. *Id*. at 14-15. Respondent Scott Peter Fisher ("Fisher") does not dispute that Ly exhausted his administrative remedies. (Resp.'s Mem. at 9) [Doc. No. 4].

Ly executed writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 9, 2010. He filed his Petition on July 8, 2010, seeking an order from the Court directing the Bureau of Prisons ("BOP") to increase his 6-month RRC placement to 12 months, provide additional explanation of its placement decision, and conduct an evidentiary hearing. (Pet.'s Ex. at 6).[1] The Court infers that Ly sought immediate RRC placement because his release date was April 30, 2011 and he filed his Petition after April 30, 2010. (Kinyon Decl. at ¶ 2).

Based on the FCI-Sandstone Staff's recommendation, Ly was presumably transferred to a

---

[1] Ly's Petition did not state explicitly what relief he sought[Doc. No. 1, at 3]. Rather, the "Informal Resolution Form" attached to his Petition contained the following complaint: "I would like to be submitted for 12 months RRC. . . . Please give me specific reason pursuant to my crime, my characteristics, the statement of reasons, the RRC capacity and any USSC statements." (Pet.'s Ex. at 6).

halfway house in October 2010.² Ly was released from federal custody on April 29, 2011.³ At this time, the Court is not aware of any additional information as to Ly's status. The Court, therefore, presumes that Ly is now under supervised release. *Id*.

## II. ANALYSIS

Fisher opposes the Petition, arguing that Ly has received the individualized assessment for RRC placement required by the SCA and that the length of his stay in an RRC is within the BOP's discretion. (Resp.'s Mem. at 8-11). Fisher also asserts that Ly has no right to be incarcerated at any particular institution and that the BOP's RRC placement recommendation was not unlawful. *Id*. at 11-14. Additionally, Fisher maintains that an evidentiary hearing is unnecessary given that there are no facts in dispute. *Id*. at 14-15.

Article III of the United States Constitution limits the jurisdiction of federal courts to deciding "cases" and "controversies." U.S. Const. art. III; *Allen v. Wright*, 468 U.S. 737, 750 (1984). "A case that no longer presents a live case or controversy is moot, and a federal court lacks jurisdiction to hear the action." *Keating v. Nebraska Pub. Power Dist.*, 562 F.3d 923, 927 (8th Cir. 2009) (citation and marks omitted). "This means that, throughout the litigation, the [petitioner] must have suffered, or be threatened with an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotations omitted). Thus, if during the litigation intervening circumstances occur that render a court unable to grant the requested relief, then the case becomes moot, and the court loses jurisdiction to hear the case. *See Calderon v. Moore*, 518 U.S. 149, 150 (1996).

---

² Neither party has provided the Court with the specific date upon which Ly was transferred to a RRC. However, the Court has not received any indication from either Ly or Fisher that Ly was not transferred to an RRC as scheduled in October 2010, approximately 6 months before Ly's release on April 30, 2011.

³ *See* Inmate Locator, *Federal Bureau of Prisons*, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=Long&Middle=&LastName=Ly&Race=U&Sex=M&Age=&x=69&y=10 (last visited May 10, 2011).

Ly has been released. As such, Ly's SCA claims are moot for several reasons.[4] First, there is no effective relief that the Court can provide because Ly is no longer in federal custody. *See Miller v. Whitehead,* 527 F.3d 752, 756 (8th Cir. 2008) (finding that claims by inmates who had been transferred to an RRC subsequent to filing appeal were moot because the relief they sought had been granted); *Mickelson v. Holinka,* 276 Fed. Appx. 527, 527 (8th Cir. 2008) (dismissing appeal as moot after prisoner was released to halfway house). Second, Ly filed his Petition nearly three months after his request for 12-months of RRC placement was moot, which rendered it impossible for the Court to provide the relief he requested even at the time he filed his Petition. Therefore, this Court lacks jurisdiction to hear the action and the Petition should be denied. *Spencer*, 523 U.S. at 7; *Calderon*, 518 U.S. at 150; *Keating*, 562 F.3d at 927.

### IV.    RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein, **IT IS RECOMMENDED** that Ly's Petition for Writ of Habeas Corpus [Doc. No. 1] be **DISMISSED WITH PREJUDICE.**

Dated: May 10, 2011

                                                    *s/Steven E. Rau*
                                                    STEVEN E. RAU
                                                    United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 24, 2011,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.

---

[4] In the event that Ly's Petition was justiciable, the Court likely would have denied it on the merits. In recommending a RRC placement of 180-days, the FCI-Sandstone Staff noted that Ly's sentence was significantly less than the range provided in the sentencing guidelines. (Kinyon Decl. Attach. 2, at 7). Furthermore, Ly's inability to live within his financial means raised further concerns that justified a 6-month RRC placement rather than the statutory maximum of 12-months. (Pet.'s Ex. at 5).